FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.
2013 MAR 11 A 9 05
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHRISTOPHER LOTT,

    Plaintiff,

v.

    CIVIL ACTION NO.: CV512-020

RANDALL RYLES and
JOSEPH RATHBUN,

    Defendants.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is housed at the Emanuel Probation Detention Center in Twin City, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983. Plaintiff filed a Motion for Summary Judgment. Defendants filed a Response and their own Motion for Summary Judgment. Plaintiff responded. For the reasons which follow, Plaintiff's Motion should be **DENIED**. For these same reasons, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff asserts that he was standing in his yard when Defendant Joseph Rathbun, a patrol officer, questioned him about a stolen video game. Plaintiff contends that he told Defendant Rathbun that he did not know anything about a stolen video game, and Defendant Rathbun searched him, handcuffed him, and placed him in the back of the patrol car. Plaintiff also contends that Officer Jane Doe arrived, spoke briefly with Defendant Rathbun, and took the keys to Plaintiff's house.[1] Plaintiff asserts

---

[1] Plaintiff's claims against Defendant Jane Doe were dismissed by Order dated June 8, 2012. (Doc. No. 16).

that Defendant Randall Ryles arrived, and Defendants and Officer Jane Doe searched his bedroom. Plaintiff also asserts that he was served warrants for possession of cocaine and drug related objects. Plaintiff alleges that the charges against him were dismissed after he filed a motion to suppress. According to Plaintiff, Defendants and Officer Jane Doe acted without probable cause, an arrest warrant, or a valid search warrant.

Defendants assert that they had probable cause to arrest Plaintiff. Defendants also assert that they had a reasonable, good faith belief that they had consent to search Plaintiff's room at the boarding house. Defendants further assert that they are entitled to qualified immunity.

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003).

Specifically, the moving parties must identify the portions of the record which establish that there is no "genuine dispute as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

### I. Probable Cause for Arrest

Plaintiff contends that Defendant Rathbun questioned him regarding stolen video games. Plaintiff asserts that he was searched, handcuffed, and placed in the back of a patrol car without a warrant or probable cause.

Defendants allege that Defendant Rathbun and other City of Douglas police officers were investigating a burglary which occurred on January 21, 2011, at a house near the boarding house Plaintiff had been living since December 2010. Defendants also allege that the burglarized home belongs to Laheinus McCoggle, who also owns the boarding house.[2] Defendants contend that McCoggle told Defendant Rathbun that

---

[2] It appears the burglarized residence, 1304 Reed Street in Douglas, Georgia, was a rental property owned by McCoggle. Defendant Rathbun states in his affidavit that the tenant who lived at that address reported that the back door was unlocked and several items, including two (2) video game consoles, had been stolen. (Doc. No. 45-6, ¶ 5).

3

he saw Plaintiff with one of the video game consoles which had been stolen during the burglary. Defendants aver that, the day after McCoggle gave officers this information, Defendant Rathbun went to the boarding house to question Plaintiff about the burglary. Defendants assert that Plaintiff denied having knowledge about the burglary, but, based on McCoggle's statement that he had seen Plaintiff with one of the consoles, Defendant Rathbun chose to "detain" Plaintiff for further investigation. (Doc. No. 45-1, p. 3). Defendants state Defendant Rathbun did so by handcuffing Plaintiff and placing him in the back of the patrol car. Defendants contend that Defendant Ryles then arrived on the scene, and they both spoke to McCoggle, who confirmed he saw Plaintiff in possession of one of the stolen game consoles and other items which had been taken during the burglary.

"Probable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Turner v. Jones, 415 F. App'x 196, 199 (11th Cir. 2011) (quoting Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009)). "This standard is met when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." Williams v. Taylor-Lee, 397 F. App'x 608, 609 (11th Cir. 2010) (citing Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002)). Probable cause does not require the same "standard of conclusiveness and probability as the facts necessary to support a conviction." Id. (internal citation and punctuation omitted).

AO 72A
(Rev. 8/82)

In Georgia, "[a] person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another." O.C.G.A. § 16-7-1(b).

Based on the evidence before the Court, Defendants had probable cause to arrest Plaintiff for burglary under Georgia law. Defendant Rathbun and other officers were dispatched to investigate a burglary at 1304 Reed Street in Douglas, Georgia. Defendant Rathbun declares that, when he arrived at this address, the tenant told him that her back door was unlocked when she returned home from work and that she noticed several items had been stolen, including two (2) video game consoles. (Doc. No. 45-6, ¶ 5). Defendant Rathbun states that he spoke with McCoggle, who owns the burglarized home and the boarding house at 801 E. Pine Street in Douglas, Georgia, the next day. Defendant Rathbun also states that McCoggle told him Plaintiff had been living in the boarding house and that he was in possession of one of the video game consoles. Defendant Rathbun declares that McCoggle also told him that he (McCoggle) returned the game console to the tenant. (Doc. No. 45-6, ¶ 6). On the day after he spoke with McCoggle, Defendant Rathbun went to the boarding house and questioned Plaintiff. Although Plaintiff denied being involved in the burglary, Defendant Rathbun states that he detained Plaintiff to investigate the burglary further based on McCoggle's statements. (Doc. No. 45-6, ¶ 7). Defendant Rathbun also states that he handcuffed Plaintiff and placed him in the back of his patrol car. Defendant Rathbun further states that McCoggle came to the boarding house, as did Defendant Ryles. Defendants

AO 72A
(Rev. 8/82)

declare that McCoggle told them that he saw Plaintiff with several items which allegedly were stolen during the burglary two (2) days prior, including a video game console. (Doc. No. 45-5, ¶ 10; Doc. No. 45-6, ¶ 9).[3]

Plaintiff was not charged with burglary, but that is irrelevant to a probable cause determination. Knight v. Jacobson, 300 F.3d 1272, 1275 (11th Cir. 2002) (noting that a lack of prosecution for a crime is immaterial to a finding of probable cause to arrest). The undersigned notes Plaintiff's assertion that he was arrested based on hearsay. However, based on Defendants' statements, they had reasonable trustworthy information at the time of Plaintiff's arrest that Plaintiff burglarized the home at 1304 Reed Street and was in possession of some of the items allegedly stolen from this home. Defendant Rathbun's arrest of Plaintiff was based on his investigation of this burglary, which included going to the scene of the burglary, speaking to the victim, and speaking to the owner of both the burglarized residence and the boarding house where Plaintiff had been living. As a matter of law, Defendants are entitled to summary judgment on Plaintiff's false arrest claim.

## II. Consent to Search

Plaintiff asserts that Defendants and Officer Jane Doe searched his room at the boarding house without his consent or a warrant and there were no exigent circumstances justifying the search without consent or a warrant.

Defendants contend that McCoggle told them that Plaintiff was no longer living at the boarding house because he had been evicted for non-payment of rent. Defendants

---

[3] Defendants also state that they found a screwdriver-type tool during the search of Plaintiff's room, which, according to McCoggle, matched the size and shape of marks left at the scene of the burglary. (Doc. No. 45-5, ¶ 13; Doc. No. 45-6, ¶ 12). However, this information or evidence was not available to Defendants at the time Plaintiff was arrested, which would have been when Plaintiff was handcuffed and placed in the back of the patrol car.

6

AO 72A
(Rev. 8/82)

also contend that McCoggle gave them and Officer Jane Doe permission to enter the room for the purpose of searching the room.

In cases where consent is given, "the search may be valid even without a warrant or probable cause." United States v. Dunkley, 911 F.2d 522, 525 (11th Cir. 1990). "To validate a warrantless search, consent must be voluntarily given by a person with the authority to give it or by a person who reasonably appears to have that authority." Id. (citing United States v. Matlock, 415 U.S. 164, 171 (1974); Illinois v. Rodriguez, 497 U.S. 177 (1990)). "For Fourth Amendment purposes, a landlord generally lacks the necessary authority to consent to the search of her tenant's apartment." United States v. Brazel, 102 F.3d 1120, 1148 (11th Cir. 1997). Valid consent to search an area can be given by someone who "has mutual use of it, with joint access to or control of the area for most purposes." Id. "Even if the third party lacks actual authority to consent to the search, if an officer has an objectively reasonable, good-faith belief that the consent is valid, there is no Fourth Amendment violation." Hughes v. Coconut Creek Police Dep't, 233 F. App'x 919, 922 (11th Cir. 2007) (citing Brazel, 102 F.3d at 1148).

There is no question Defendants and Officer Jane Doe did not have a warrant to search the room at the boarding house. There may be a question whether Plaintiff had been evicted on January 23, 2011. (Doc. No. 45-1, p. 9; Doc. No. 45-4, pp. 19-20, 26, 43-44, 48; Doc. No. 50, pp. 5-7). However, there is no evidence which creates a genuine dispute as to any fact material to Plaintiff's contention that Defendants did not have valid consent to search the room at the boarding house. At the time Defendants received McCoggle's consent to search the room at the boarding house—which is the relevant inquiry—, they had a reasonable, good-faith belief that McCoggle had the

AO 72A
(Rev. 8/82)

authority to give valid consent for the search. Based on the information available to Defendants at the relevant time, McCoggle told Defendants that he had evicted Plaintiff for nonpayment of rent. Defendants declare that McCoggle gave them permission to search the room they believed Plaintiff previously occupied. (Doc. No. 45-5, ¶¶ 11-12; Doc. No. 45-6, ¶¶ 10-11). Even if Plaintiff had not been evicted and McCoggle did not have the actual authority to give consent for the search of Plaintiff's room, Defendants had a good faith belief that McCoggle did have the apparent authority to give consent to search. Thus, there is no Fourth Amendment violation arising from the search, and Defendants are entitled to summary judgment as a matter of law.

It is unnecessary to address Defendants' qualified immunity defense. Martinez v. Burns, 459 F. App'x 849, 851 (11th Cir. 2012) (citing Carter v. Galloway, 352 F.3d 1346, 1350 n.10 (11th Cir. 2003)).

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Plaintiff's Motion for Summary Judgment be **DENIED** and Defendants' Motion for Summary Judgment be **GRANTED**.

**SO REPORTED** and **RECOMMENDED**, this 11th day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE