IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

CHRISTOPHER LOTT,

        Plaintiff,

v.                                  CIVIL ACTION NO.: CV512-020

RANDALL RYLES and
JOSEPH RATHBUN,

        Defendants.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed. Defendants filed a Response. In his Objections, Plaintiff asserts that Defendants' witness, Mr. McCoggle, did not provide his information to the officers via a sworn statement. Plaintiff also asserts that he could not have been arrested for burglary under Georgia law because there was no proper evidence supporting such an arrest. As the Magistrate Judge noted, Defendants had information from Mr. McCoggle that Plaintiff was in possession of a stolen videogame console. Defendants' arrest of Plaintiff was based on an independent investigation of an alleged crime, which included speaking to Mr. McCoggle and the victim of the burglary and visiting the scene of the burglary. Plaintiff appears to take issue with the fact that Mr. McCoggle did not provide a sworn statement to police officers. However, a police officer need not have a sworn witness statement to have probable cause as support for a warrantless arrest. See

Williams v. Taylor-Lee, 397 F. App'x 608, 610 (11th Cir. 2010) (even assuming the lack of corroborative evidence at the time of the plaintiff's arrest, which is an evidentiary requirement, the existence of probable cause is not negated).

Lott also asserts that McCoggle had no authority to consent to Defendants' search of his room because he had not been evicted. Plaintiff's status as an evicted, former renter or as an unevicted, current renter of a room in the boarding house is irrelevant. The relevant inquiry is whether the officers had a reasonable, good faith belief that McCoggle had the authority to give consent for the search of the room. The information available to Defendants at the time—that Mr. McCoggle told them he had evicted Plaintiff for nonpayment of rent and that McCoggle was the owner of the house in which the room was—provided Defendants with a good faith belief that McCoggle had the authority to provide consent for the search.

Plaintiff's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Plaintiff's Motion for Summary Judgment is **DENIED**. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 16 day of June, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA